UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION

| | | |
|---|---|---|
| JASON G. KUSTRA, | ) | |
| | ) | |
| | ) | 2:19-CV-94 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE STATE OF FLORIDA | ) | |
| DEPARTMENT OF REVENUE CHILD | ) | |
| SUPPORT ENFORCEMENT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
REPORT AND RECOMMENDATION**

### I.    *In forma pauperis* **Motion**

Plaintiff Jason G. Kustra has filed a Motion [Doc. 1] to proceed *in forma pauperis.* The

Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing

orders of this Court. Mr. Kustra is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access

to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948);

*Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). As such, the statute allows a litigant

to commence a civil or criminal action in federal court without paying the administrative costs of

the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the

affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The

threshold requirement which must be met in order to proceed *in forma pauperis* is that the

petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however at this time.**

## II.      Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint if it is frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. [1]  Plaintiff filed this complaint on June 4, 2019 [Doc. 2]. Plaintiff specifically alleges that the State of Florida has committed "double jeopardy" when it issued a levy against Plaintiff's bank account twice for child support payment arrears. [Doc. 2, pg. 2]. Plaintiff

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

alleges that he has an outstanding child support order issued from the State of Florida which is in arrears and that there is a State of Tennessee order to pay child support with which he was and is in compliance [Doc. 2, pg. 2]. As relief, Plaintiff asks for the Court to find the State of Florida guilty of double jeopardy, to order the transfer of his Florida child support case to Tennessee, and to close the Florida child support case.

Plaintiff has not established a basis for federal court jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Plaintiff must not only establish that he is a citizen of one state and all of the Defendants are citizens of other states, but also that the amount in controversy must be greater than $75,000.00. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). Based on the information provided in the complaint, Plaintiff attempts to establish diversity jurisdiction, but while Plaintiff is a resident of Tennessee and has identified all Defendants as being residents of the state of Florida, Plaintiff fails to allege that he has suffered any monetary damages. Even if the Court were to liberally construe Plaintiff's pleadings to infer an amount in controversy related to the money garnished from his bank accounts, that amount would necessarily be in an amount no greater than a total of $37,258.56, as that is the total child support arrearage reflected as owing in

the Hawkins County judgment, which domesticated the Florida judgment, with said judgment being attached as Exhibit 1 to Plaintiff's Complaint [Document 2-2, pg. 2]. Even if Plaintiff had clearly alleged a loss of this amount, the amount would not meet the threshold amount in controversy to satisfy the requirements for diversity of citizenship under 28 U.S.C. § 1332(a).

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law*." Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law.

Plaintiff asserts that the State of Florida has placed him under double jeopardy as stated in the Constitution of the State of Tennessee; however, even if the Court were to liberally construe Plaintiff's allegations as being in violation of the Constitution of the United States Double Jeopardy Clause, the claim would still fail. Double jeopardy "protects only against the imposition of multiple *criminal* punishments for the same offense" *Hudson v. U.S.*, 522 U.S. 93, 99 (1997) (citing *Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938)); see also *Hess, supra,* at 548–549, 63 S.Ct., at 386–387 ("[o]nly" "criminal punishment" "subject[s] the defendant to 'jeopardy' within the constitutional meaning"); *Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution."), and then only when such occurs in successive proceedings, see *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Plaintiff's Complaint does not allege that he was incarcerated or that criminal penalties were imposed against him in either Florida or Tennessee regarding his child

support arrears or the levies against his bank account such that the Double Jeopardy Clause would be triggered.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted, as there is no arguable basis for a recovery in this Court due to lack of jurisdiction. *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. It is further recommended that the dismissal be without prejudice to Plaintiff's rights to re-file in the appropriate court.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990), which provides that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).